CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY BUTERRA WILLIAMS, | ) | CASE NO. 7:13CV00375 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| J. COLLINS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

By opinion and order entered October 14, 2013, the court summarily dismissed this prisoner civil rights action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff Gary Buterra Williams now moves for reconsideration of that dismissal under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. After review of the motion, the court denies it for lack of merit.

Since Williams filed his motion within the twenty-eight days provided by Rule 59(e), the Court construes it as a Rule 59(e) motion to alter or amend the judgment. See Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 247 n.4 (4th Cir. 2012) (treating motions to reconsider filed within twenty-eight days as Rule 59(e) motions, and motions filed outside twenty-eight days as Rule 60(b) motions) (citing Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n. 4 (4th Cir. 2011). As explained by the Fourth Circuit,

> a Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). It is an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

Williams' motion does not meet this demanding standard. He merely reasserts the conclusory legal theories stated in his complaint. He does not point to any additional facts, changes in law, or clear error in law on which the opinion must be altered to correct an injustice, and the court finds none. For the reasons stated in the prior opinion, Williams failed to state sufficient facts to present any constitutional claim actionable under 42 U.S.C. § 1983, and therefore, the court dismissed his action without prejudice. His current motion provides no basis on which to alter or amend the court's prior ruling in any way.

For the reasons stated, the court will deny Williams' motion

ENTER: This 19th day of November, 2013.

*/s/ Glen Conrad*
Chief United States District Judge